

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

May 5, 1947

Hon. Homer Garrison,Jr.,Director,
Texas Department of Public Safety,
Austin, Texas                    Opinion No. V-186

                        Re:  Legality of reimbursement
                             of actual travel expenses
                             of an agent commissioned
                             by the Governor to return
                             from a foreign county a
                             fugitive from justice.

Dear Sir:

        Your request for an opinion by this department
upon the above subject matter is as follows:

        "On February 14, 1947, the Hon. Beauford
    Jester, Governor of the State of Texas, ap-
    pointed Texas Ranger R. L. Badgett and Mr.
    J. L. Jameson, Sheriff of Montague County,
    Texas, as Agents of the Governor and of the
    State of Texas to proceed from the State of
    Texas to Santos, Brazil, S.A., for the pur-
    pose of returning one Irvin Goodspeed, a fug-
    itive from justice from this State who stood
    charged with the offense of murder in Mon-
    tague County, Texas.

        "Upon receiving notification from the Gov-
    ernor of Texas that R. L. Badgett, Texas Ran-
    ger, a member of this Department, had been ap-
    pointed as Agent for the Governor and for the
    State for the purposes above enumerated, I in-
    structed him to proceed in his capacity as an
    Agent of the State to Santos, Brazil, to per-
    form the mission as directed by the Governor.

        "We would appreciate it if you would an-
    swer the following questions, as Texas Ranger
    Badgett desires to present his expense ac-
    count for payment to the State for reimburse-
    ment of monies expended, on authority of the
    Governor's Commission:

"1. Would Texas Ranger Badget be limited to the Five Dollar ($5.00) per diem limitation for State employees, or could he be reimbursed for the actual expenses incurred even though these expenses exceeded Five Dollars ($5.00) per day?

"2. Due to the fact that Ranger Badgett was in a foreign country where English was not generally understood, it was impossible for him to receive receipts for such items as taxi fares, etc. Under the circumstances, therefore, could the State of Texas reimburse him for the expenditures that he made in executing the directive of the Governor?"

Your questions cannot be answered categorically. The matter is controlled by Article 1006 of the Code of Criminal Procedure of Texas, the pertinent portion of which is as follows:

"Pay of agent. -- The officer or person so commissioned shall receive as compensation the actual and necessary traveling expenses upon requisition of the Governor to be allowed by such Governor and to be paid out of the State Treasury upon a certificate of the Governor reciting the services rendered and the allowance therefor.

In Brightman vs. Sheppard, 122 Tex. 318, 59 S. W. (2d) 112, it is said:

"Article 1006 in plain and specific terms stipulates that 'the officer or person so commissioned shall receive such compensation only as the Governor shall allow for such service.' The services referred to in this article are not the limited services covered by the proviso of the act heretofore referred to; that is, while traveling beyond the state line. It has reference to the entire services of the agent in performing the delegated task. In language too clear to admit of doubt it is provided that for 'such services' the only compensation which may be determined by the Governor.

"The act of the codifiers of 1925 in eliminating the proviso contained in the act of 1923 and substituting in lieu thereof article 1006, with the change heretofore referred to, when adopted by the Legislature, manifested an unmistakable intention upon the part of the lawmaking body to require an officer or other person performing the services of returning a fugitive from justice from another state, under commission from the governor of this state, to look alone for compensation to the provisions of article 1006."

This Department, in Opinion No. 0-4444, following the Brightman case, said:

"We, therefore, hold that the actual and necessary traveling expenses of the employee of the Department of Public Safety, if he traveled to California under the commission of the Governor as the Governor's agent to return to this State such figitive from justice, are to be paid from the appropriation provided the Governor for returning fugitives from justice, and upon the certificate of the Governor reciting the services rendered and the allowance therefor."

We adhere to the ruling there made in accordance with the Supreme Court's decision above quoted.

### SUMMARY

The actual and necessary traveling expenses of a person commissioned by the Governor as agent to return to this State a fugitive from justice, are to be paid from the appropriation provided the Governor for returning fugitives from justice, and upon the certificate of the Governor reciting the services rendered and the allowance made therefor. Art. 1006 V.C.C.P.

Yours very truly

APPROVED MAY 5, 1947

ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL OF TEXAS

By *Ocie Speer*

Ocie Speer
Assistant

OS:wb:jrb